# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BLUM, | ) | |
| | ) | Case No.: 21-4083 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| CONVERGENT OUTSOURCING, INC., | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, JOHN BLUM, by and through his attorneys, and for his Complaint against the Defendant, CONVERGENT OUTSOURCING, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Chicago, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, and/or services which are the subject of the transaction were primarily for personal, family, and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Washington, which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Renton, Washington.

## FACTS COMMON TO ALL COUNTS

9. Prior to February of 2020, Plaintiff discovered that Comcast claimed he still owed $215.52 on an old account with Comcast from an address where he no longer lived.

10. On or about February 2, 2020, Plaintiff paid to Comcast the full the amount of the debt allegedly owed, $215.52.

11. During or about August of 2020, Plaintiff received a letter from Defendant, attempting to collect from Plaintiff the same debt which he allegedly owed to Comcast, and which Plaintiff had previously paid in full to Comcast.

12. Plaintiff immediately contacted Defendant and notified Defendant that Comcast had placed the account with Defendant in error, as he had previously paid off the account in full to Comcast.

13. Despite his attempts to resolve the matter, Plaintiff received another letter from Defendant during or about September of 2020, attempting to collect from Plaintiff the same debt

which he allegedly owed to Comcast, and which Plaintiff had previously advised Defendant that he had paid in full to Comcast.

14. In response to said letter, on or about September 23, 2020, Plaintiff sent notification by email to Defendant of his dispute of the alleged debt, along with documents reflecting his prior payment of the alleged debt in full to Comcast.

15. Despite having been notified by Plaintiff that he disputed owing the alleged debt, and having been provided with proof of Plaintiff's prior payment of the alleged debt in full to Comcast, Defendant continued in its attempts to collect the alleged debt from Plaintiff, including but not limited to reporting the alleged debt to credit reporting agencies Equifax and Experian.

16. Despite having been notified by Plaintiff that he disputed owing the alleged debt, and having been provided with proof of Plaintiff's prior payment of the alleged debt in full to Comcast, Defendant twice reported the alleged debt to the credit reporting agencies as a derogatory account, on or about October 8, 2020 and October 15, 2020.

17. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

18. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer loss of credit opportunity, damage to his credit status, stress, aggravation, frustration, emotional distress, and mental anguish.

**COUNT I**

19. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

## COUNT II

21. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the alleged debt.

## COUNT III

23. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

24. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed.

## COUNT IV

25. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

26. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

## COUNT V

27. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

28. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

## COUNT VI

29. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 18 above as if reiterated herein.

30. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

JOHN BLUM

By: <u>/s/ David B. Levin</u>
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com